United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 19-17174-amc |
| Mabel K. Morris | Chapter 13 |
| Debtor(s) | |

# CERTIFICATE OF NOTICE

| District/off: 0313-2 | User: Adminstra | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Nov 24, 2020 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol        Definition**

+                Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 26, 2020:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Mabel K. Morris, 2051 S. 68th St., Philadelphia, PA 19142-1628 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address ,*duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 26, 2020                    Signature:        /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 24, 2020 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| JEROME B. BLANK | on behalf of Creditor Carisbrook Asset Holding Trust paeb@fedphe.com |
| REBECCA ANN SOLARZ | on behalf of Creditor Carisbrook Asset Holding Trust bkgroup@kmllawgroup.com |
| REBECCA ANN SOLARZ | on behalf of Creditor CARISBROOK ASSET HOLDING TRUST bkgroup@kmllawgroup.com |
| ROBERT J. DAVIDOW | on behalf of Creditor Carisbrook Asset Holding Trust robert.davidow@phelanhallinan.com |
| SHARON S. MASTERS | on behalf of Debtor Mabel K. Morris shmasters@hotmail.com  G65312@notify.cincompass.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

District/off: 0313-2                                    User: Adminstra                                    Page 2 of 2
Date Rcvd: Nov 24, 2020                                Form ID: pdf900                                    Total Noticed: 1

WILLIAM C. MILLER, Esq.
                        on behalf of Trustee WILLIAM C. MILLER  Esq. ecfemails@ph13trustee.com, philaecf@gmail.com

WILLIAM C. MILLER, Esq.
                        ecfemails@ph13trustee.com  philaecf@gmail.com


TOTAL: 8

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Mabel K. Morris aka Mabel Verdier | CHAPTER 13 |
| <u>Debtor</u> | |
| Carisbrook Asset Holding Trust | NO. 19-17174 AMC |
| <u>Movant</u> | |
| vs. | |
| Mabel K. Morris aka Mabel Verdier | 11 U.S.C. Section 362 |
| <u>Debtor</u> | |
| William C. Miller, Esquire | |
| <u>Trustee</u> | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.    The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$1,675.25,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | September 2020 to November 2020 at $565.46/month |
| Suspense Balance: | $21.13 |
| **Total Post-Petition Arrears** | **$1,675.25** |

2.    The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on December 1, 2020  and continuing through May 1, 2021 until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$565.46** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$279.21 from December 2020 to April 2021 and  $279.20 for May 2021** towards the arrearages on or before the last day of each month at the address below;

Roundpoint Mortgage Servicing Corporation
P.O. Box 19409
Charlotte, NC 28219-9409

b).    Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:    November 18, 2020

By: */s/ Rebecca A. Solarz, Esquire*
Attorney for Movant

Date: 11/20/2020

Sharon S. Masters, Esquire
Attorney for Debtor

Date: _November 23, 2020_                    /s/ Jack Miller, Esquire, for
                                             _____
                                             William C. Miller, Esquire
                                             Attorney for Debtor


Approved by the Court this _____ day of _____, 2020.  However, the court
retains discretion regarding entry of any further order.

**Date: November 24, 2020**                  _____
                                             Bankruptcy Judge
                                             Ashely M. Chan